UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 20-7616-MWF (JPRx) | Date:  February 1, 2021 |
| Title: | Thomas Phan v. Nationwide General Insurance Company et al | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):**  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING ACTION [11]

Before the Court is Defendants Nationwide General Insurance Company ("Nationwide") and AMCO Insurance Company's ("AMCO") Motion to Dismiss (the "Motion"), filed on August 28, 2020.  (Docket No. 11).  Plaintiff Thomas Phan filed an opposition on September 28, 2020.  (Docket No. 20).  Defendants filed a reply on October 5, 2020.  (Docket No. 22).

The Motion was noticed to be heard on October 13, 2020.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore VACATED and removed from the Court's calendar.  Vacating the hearing was also consistent with General Order 20-09, arising from the COVID-19 pandemic.

On January 20, 2021, the Court on its own motion set a telephonic hearing for January 25, 2021, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

For the reasons set forth below, the Motion is **GRANTED**.  Plaintiff fails to state a claim upon which relief can be granted because, under Plaintiff's insurance policy, any economic losses resulting from the coronavirus pandemic are excluded from coverage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-7616-MWF (JPRx)**                    **Date:  February 1, 2021**
**Title:**     Thomas Phan v. Nationwide General Insurance Company et al

## I.  BACKGROUND

Plaintiff commenced this action on July 15, 2020, with the filing of the Complaint in Los Angeles County Superior Court.  (*See generally* Complaint (Docket No. 1-1)).  Defendants removed this action on August 21, 2020.  (*See generally* Notice of Removal (Docket No. 1)).

The Complaint contains the following allegations:

Plaintiff owns and operates a nail salon called "MB Nails."  (Complaint ¶ 1).  Although COVID-19 was present in California by late January 2020, all businesses, including MB Nails, were allowed to remain open throughout February and the first half of March.  (*Id.* ¶ 11).  On January 30, 2020, the World Health Organization (the "WHO") declared a public health emergency of international concern.  *Id.*  Six weeks later, on March 11, 2020, the WHO made the assessment that COVID-19 could be characterized as a pandemic.  *Id.*  MB Nails continued to remain open during this time.  *Id.*

Mayor Garcetti's March 15, 2020 and July 14, 2020 Public Orders (the "Public Orders") caused MB Nails to close in its entirety, resulting in a loss of functional use of its premises and an interruption of its business.  (*Id.* ¶¶ 12, 19).  As of the date of the Public Orders, MB Nails was not aware of the presence of COVID-19 on its premises, and no employees or customer had reported a COVID-19 infection.  (*Id.* at ¶ 12).  Plaintiff's nail salon closed when the March 15, 2020 Public Order took effect, opened after the Public Order was lifted, and closed again once the July 14, 2020 Public Order took effect.  (*Id.* ¶¶ 11, 12, 13, 19).  The Public Orders were the predominant cause of the suspension of MB Nails' operation.  (*Id.*).

Plaintiff submitted two claims for loss of business income to Defendants.  (*Id.* ¶ 13).  Plaintiff assumed the loss would be covered by the insurance policy with AMCO (the "Policy") but Defendants rejected both claims.  (*Id.* ¶ 13, 19; Ex. 1, Policy).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 20-7616-MWF (JPRx) | **Date:**  February 1, 2021 |
| **Title:**    Thomas Phan v. Nationwide General Insurance Company et al | |

Plaintiff contends that Defendant rejected the insurance claims in bad faith without investigation.  (*Id.*).

Plaintiff now brings claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  (*See generally id.*).  Plaintiff seeks general, consequential, and punitive damages, prejudgment interest, attorneys' fees, and costs.  (*Id.*, Prayer for Relief, ¶¶ 1-8).

## II.    REQUEST FOR JUDICIAL NOTICE

In support of the Motion, Defendants request that the Court take judicial notice of orders and hearing transcripts in twenty-two cases outside this District.  (*See generally* Requests for Judicial Notice ("RJNs") (Docket Nos. 12, 28)).  Plaintiff does not oppose the RJNs.

The Court may take judicial notice of court filings and other matters of public record.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  The Court determines that the exhibits are matters of public record.  Accordingly, the unopposed RJNs are **GRANTED**.

## III.   LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  While factual allegations in the complaint "are taken as true" at the Rule 12 stage, "conclusory allegations of law and unwarranted inferences are insufficient."  *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-7616-MWF (JPRx)				Date:  February 1, 2021
Title:	Thomas Phan v. Nationwide General Insurance Company et al

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally limits its review to the contents of the complaint and assumes all allegations of material fact are true.  *Allarcom Pay Television v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).  The court need not accept as true, however, allegations contradicted by an exhibit to the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.    DISCUSSION

Defendants argue that Plaintiff has failed to allege a basis for coverage under the Policy because the Policy has a clear and unambiguous Virus Exclusion that precludes coverage for losses — directly or indirectly — resulting from a virus.  (Motion at 10).

To prevail on a breach of contract claim, Plaintiff must establish "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Tribeca Companies, LLC v. First American Title Ins. Co.*, 239 Cal. App. 4th 1088, 1109, 192 Cal. Rptr. 3d 354 (2015) (citing *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 921, 163 Cal. Rptr. 3d 539 (2013)).  "[A]bsent an actual withholding of benefits due, there is no breach of contract." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 n.10, 271 Cal. Rptr. 246 (1990) (quotation omitted).

Under California law, the terms of an insurance policy must be given their "ordinary and popular sense," and if the policy language is "clear and explicit," it governs.  *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115-17, 90 Cal. Rptr. 2d 647 (1999) (quotation marks omitted); Cal. Civ. Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

Here, the Policy contains a clear and unequivocal Virus Exclusion clause, excluding coverage for "loss or damage caused directly or indirectly" from "[a]ny virus, bacterium or other microorganism that induces or is capable of inducing physical

**CIVIL MINUTES—GENERAL**                                                            4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7616-MWF (JPRx)          **Date:** February 1, 2021
**Title:**     Thomas Phan v. Nationwide General Insurance Company et al

distress, illness or disease." (Policy at 21, 23). Specifically, the "Exclusions" clause of the Policy provides that Defendant:

> [W]ill not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence of the loss. These exclusions apply whether or not the loss events results in widespread damage or affects a substantial area.
>
> . . .
>
> (1) *Any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease* . . . .

(*Id.* at 21, 23) (emphasis added).

Plaintiff argues that the Virus Exclusion does not apply because COVID-19 was never physically present on the premises of MB Nails. (Opposition at 5). At the hearing, Plaintiff emphasized that this case is analogous to *Certain Underwriters at Lloyd's London v. Creagh*, 2013 WL 3213345 (E.D. Penn. June 26, 2013), where the owner of an apartment building discovered the two-week old dead body of a tenant who had collapsed over a toilet and whose bodily fluids had seeped into the bathroom floor. *Id.* at *2. The issue in *Creagh* was whether the damage to the apartment was caused by bacteria and other microorganisms. *Id.* at *3. The court reasoned that for the Microorganism Exclusion to apply, the insurer "must produce evidence that bacteria or other microorganisms were present in [the deceased's] bodily fluids, and that they caused the damages at issue." *Id.*

In addition to not being binding authority, *Creagh* is easily distinguishable from this action because the *existence* of a virus is not at issue here. The *Creagh* court required the insurer to produce evidence that bacteria was present in the deceased's bodily fluids because the existence of any bacteria determined whether the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7616-MWF (JPRx)          **Date:** February 1, 2021
**Title:**     Thomas Phan v. Nationwide General Insurance Company et al

Microorganism Exclusion would apply. *Id.* There is simply no question that a virus exists here and caused MB Nails to close, albeit arguably indirectly. *Creagh*'s narrow holding has no persuasive value in a case involving a global pandemic.

Any putative loss resulting from a virus — even indirectly — is not covered by the Policy. (Policy at 23). Because Plaintiff's loss arises from the coronavirus pandemic and resulting Public Orders, the Virus Exclusion applies on its face. (Complaint ¶¶ 11-13, 18-19).

At least five other district courts in the Ninth Circuit have upheld functionally identical virus exclusion clauses in the context of coronavirus losses. *See, e.g.*, *Healthnow Medical Center, Inc. v. State Farm General Ins. Co.*, No. 4:20-cv-04340 (N.D. Cal. Dec. 10, 2020) ("Plaintiff thus urges that the Virus Exclusion does not apply. In so doing, Plaintiff urges the Court to reject the analysis adopted by courts throughout the Ninth Circuit, and indeed across the country."); *Founder Inst. Inc. v. Hartford Fire Ins. Co.*, No. 20-CV-04466-VC, 2020 WL 6268539, at *1 (N.D. Cal. Oct. 22, 2020) ("[T]he ordinances sought to prevent COVID-19 from spreading, and thus the loss claimed by Founder was 'caused directly or indirectly by . . . the . . . presence, growth, proliferation, spread or any activity of . . . virus.'") (collecting cases); *Boxed Foods Co., LLC v. California Capital Ins. Co.*, No. 20-CV-04571-CRB, 2020 WL 6271021, at *3-7 (N.D. Cal. Oct. 26, 2020), *as amended* (Oct. 27, 2020) (virus exclusion barred coverage for business income losses); *Franklin EWC, Inc. v. Hartford Financial Services Group, Inc.*, 2020 WL 5642483, at *2 (N.D. Cal. Sept. 22, 2020) ("Sentinel has met its burden of proving that the Virus Exclusion applies to Plaintiffs' allegations of coverage."); *Mortar and Pestle Corp. v. Atain Specialty Ins. Co.*, No. 20-cv-03461, at 10 (N.D. Cal. Dec. 21, 2020) ("[T]he Court finds the [Virus] Exclusion applies").

Numerous courts outside of the Ninth Circuit have also upheld functionally identical virus exclusion clauses in the context of coronavirus losses. *See, e.g.*, *Diesel Barbershop, LLC, et al. v. State Farm Lloyds*, 5:20-cv-00461-DAE, Order granting Defendant's Motion to Dismiss at 15 (W.D. Tex., Aug. 13, 2020) (Docket No. 12-1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 20-7616-MWF (JPRx) | **Date:** February 1, 2021 |
| **Title:** | Thomas Phan v. Nationwide General Insurance Company et al | |

("[T]he Court finds that the Virus Exclusion bars Plaintiffs' claims."); *Gavrilides Mgmt. Co. v. Michigan Ins.* Co., No. 20-258-CB, transcript of July 1, 2020 hearing, at 18-23 (Ingham Cty., MI Circuit Ct., Jul. 1, 2020) (Docket No. 12-2) (granting summary disposition without leave to amend against Plaintiff seeking recovery for COVID-19 damages, noting that "there is a virus exclusion that would also apply"); *Newchops Restaurants Comcast LLC d/b/a Chops v. Admiral Indem. Co.*, Case No. 2:20-cv-01869 (E.D. Penn. Dec. 18, 2020) ("[T]he virus exclusion bars coverage.").

Because the Virus Exclusion bars Plaintiff's breach of contract and bad faith claims, Plaintiff has failed to state a claim for which relief can be granted. *Love*, 221 Cal. App. 3d at 1151 n.10 ("[A]bsent an actual withholding of benefits due, there is no breach of contract."); *id.* at 1153 ("a bad faith claim cannot be maintained unless policy benefits are due"). The Court therefore declines to address Defendants' other arguments for dismissal.

Accordingly, the Motion is **GRANTED**.

## V. CONCLUSION

The Motion is **GRANTED** *without leave to amend*. Given the Policy's Virus Exclusion clause, future amendment to Plaintiff's Complaint would be futile, and the Court cannot imagine any plausible amendment that would avoid the preclusive effect of the exclusion as construed. This issue will ultimately be decided by the Ninth Circuit or the California Supreme Court. Accordingly, the action is **DISMISSED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.